Vacated by Supreme Court, October 5, 2009

**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOSEPH AFANWI,

*Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney General,

*Respondent.*

No. 06-1236

On Petition for Review of an Order of
the Board of Immigration Appeals.
(A96-269-753)

Argued: September 25, 2007

Decided: May 19, 2008

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and
T. S. ELLIS, III, Senior United States District Judge
for the Eastern District of Virginia, sitting by designation.

---

Petition for review denied by published opinion. Senior District Judge
Ellis wrote the opinion, in which Chief Judge Williams and Judge
Duncan joined.

---

**COUNSEL**

**ARGUED:** Lawrence David Rosenberg, JONES DAY, Washington,
D.C., for Petitioner. Jennifer Jeanette Keeney, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Kelly M. Cullen, JONES

DAY, Dallas, Texas; Julia C. Ambrose, Esther Slater McDonald, JONES DAY, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

ELLIS, Senior District Judge:

In this immigration and asylum case, petitioner Joseph Afanwi, a citizen of Cameroon, seeks review of three Board of Immigration Appeals (BIA) orders: (i) a November 29, 2005 Order affirming an immigration judge's denial of Afanwi's asylum claim; (ii) a February 13, 2006 Order denying Afanwi's motion to rescind and reissue the November 29 Order; and (iii) a May 12, 2006 Order denying Afanwi's motion to reopen immigration proceedings. For the reasons that follow, the petition is denied.

I.

Afanwi, a citizen of Cameroon, entered the United States legally in July, 2002. As a non-immigrant visitor, Afanwi was authorized to remain in the United States only until January 23, 2003. On January 20, 2003, Afanwi filed, *pro se*, an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).[1] Afanwi claimed that he was a member of the Social Democratic Front[2] and the Southern Cameroons National Council,[3] and that his membership and involvement in these groups made him a target of persecution in Cameroon.

---

[1]Dec. 10, 1984, 1465 U.N.T.S. 85; S. Treaty Doc. No. 100-20 (1990).

[2]The Social Democratic Front is an opposition political party affiliated with the Socialist International.

[3]The Southern Cameroons National Council is a secessionist organization seeking 'decolonization' of the predominantly English-speaking south-western region of Cameroon.

Afanwi's application was referred to an immigration judge (IJ), and while the application was pending the Immigration and Naturalization Service (INS)[4] began removal proceedings by filing a Notice to Appear before the IJ. The INS alleged that Afanwi was removable pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), because he had remained in the United States longer than permitted. Afanwi resisted removal on the same grounds underlying his asylum, withholding of removal, and CAT application. The IJ issued a written opinion finding Afanwi's claims lacking in credibility and consequently denied his asylum, withholding of removal, and CAT claims. Afanwi's timely appeal to the BIA was unsuccessful; the BIA affirmed the IJ's decision and dismissed Afanwi's appeal on November 29, 2005.

The BIA sent a copy of its November 29, 2005 Order to Afanwi's attorney of record at the time,[5] but because the attorney had relocated to another office and did not check his mail until early January 2006, Afanwi's counsel did not learn of the BIA's Order until after the deadline for filing a petition for judicial review had passed. Afanwi was therefore unable to file a timely petition for review of the BIA's November 29, 2005 Order. Instead, Afanwi filed a motion to rescind and reissue the November 29, 2005 decision and Order to allow him to file a timely petition. In support of this motion, Afanwi argued that the BIA had used an incomplete address when it sent the November 29, 2005 Order to his attorney, which, he said, "could have delayed delivery" thereby preventing him from filing a timely appeal. On February 13, 2006 the BIA denied Afanwi's motion to rescind and reissue.

Afanwi then filed a motion to reopen his application on two grounds: (i) that new evidence relating to his asylum claim justified reopening his application, and (ii) that Afanwi had received ineffective assistance of counsel. This effort also failed. The BIA denied Afanwi's motion to reopen on May 12, 2006, finding (i) that the new

---

[4]The INS was subsequently incorporated into the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub.L. 107-296, 116 Stat. 2135 (codified as amended in scattered sections of 6 U.S.C.).

[5]We note that Afanwi is now represented by different counsel.

evidence proffered by Afanwi failed to remedy the shortcomings of his original application, and (ii) that Afanwi's ineffective assistance claim was beyond the BIA's jurisdiction.

Following the BIA's denial of his motions, Afanwi filed this petition for review with this court on February 27, 2006, seeking review of the BIA's November 29, 2005 Order affirming the denial of his asylum, withholding of removal, and CAT claims. Afanwi "corrected"[6] this petition on March 8, 2006, to add a request for review of the BIA's February 13, 2006 Order denying his motion to rescind and reissue. Afanwi further "amended" the petition on June 8, 2006, to seek review of the BIA's May 12, 2006 Order denying his motion to reopen.[7] Respondent filed a motion to dismiss the petition on March 2, 2006, and Afanwi responded in opposition on March 16, arguing that his amended petition rendered respondent's motion moot. Following oral argument, the parties were instructed to file supplemental briefs addressing whether an alien has a Fifth Amendment right to effective assistance of counsel in the filing of a petition for review and, if so, whether the right extends to other aspects of the petition-for-review process. The parties have filed their supplemental briefs, and the appeal is now ripe for disposition.

## II.

The Immigration and Naturalization Act (INA) vests courts of appeals with jurisdiction to review final orders of removal of an alien. 8 U.S.C. § 1252 (2005). An order of removal — formerly denominated an order of deportation[8] — is "the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering

---

[6]Thus, the term "corrected petition" refers herein to Afanwi's March 8, 2006 petition for review.

[7]Thus, the term "amended petition" refers herein to Afanwi's June 8, 2006 petition for review.

[8]Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 309, Pub. L. No. 104-208, 110 Stat. 3009-546, at 3009-627 (1996); *see also Velasquez-Gabriel v. Crocetti*, 263 F.3d 102, 104 (4th Cir. 2001).

deportation."[9] Such an order becomes final upon the earlier of "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."[10] The INA further provides that a petition for review "must be filed not later than 30 days after the date of the final order of removal."[11] Because Afanwi seeks review of three separate orders — namely, (i) the November 29, 2005 Order affirming the immigration judge's denial of Afanwi's asylum, withholding of removal, and CAT claims, (ii) the February 12, 2006 Order denying Afanwi's motion to rescind and reissue, and (iii) the May 13, 2006 Order denying Afanwi's motion to reopen — we will consider each individually.

Before doing so, however, we must address a threshold jurisdictional matter, namely whether Afanwi has correctly invoked this court's jurisdiction by filing procedurally proper petitions. Respondent argues that Afanwi's corrected and amended petitions are procedurally improper, and that we therefore lack jurisdiction to review the BIA's orders denying Afanwi's motion to rescind and reissue and motion to reopen. According to respondent, the Supreme Court in *Stone v. I.N.S.*, 514 U.S. 386 (1995), construed the INA to require separate petitions for (1) review of the original order of removal and (2) review of any subsequent motions for reconsideration. In other words, respondent claims that *Stone* required Afanwi to file a separate petition for review for each of the three orders in issue on this appeal.

This argument misreads *Stone*, for that decision, closely read, does not require that a petitioner must, in all circumstances, file a separate petition for review for each order. Instead, *Stone* stands for no more than the unremarkable proposition that a petitioner who files a motion for reconsideration of an order cannot wait for disposition of that motion before filing a petition for review of the order for which reconsideration is sought. In other words, *Stone* avoids delaying judicial review of an order that is pending reconsideration by requiring timely filing of a petition for review of that order notwithstanding that

---

[9] 8 U.S.C. § 1101(a)(47)(A).

[10] 8 U.S.C. § 1101(a)(47)(B).

[11] 8 U.S.C. § 1252(b)(1).

a motion for reconsideration remains unresolved. *Stone* further contemplates the filing of a separate petition once the motion for reconsideration is resolved and the subsequent consolidation of these petitions by the court of appeals. In the words of *Stone*, "deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider." 514 U.S. at 395.

Correctly read, therefore, *Stone* is no obstacle to our jurisdiction to consider Afanwi's petition. He was not required to file separate petitions for review of the BIA's February 13, 2006 Order denying his motion to rescind and reissue and the BIA's May 12, 2006 Order denying his motion to reopen. Petitioner's March 8, 2006 corrected petition and his June 8, 2006 amended petition suffice to bring these matters before us for review.[12] We therefore turn to a consideration of each of the BIA's decisions in turn.

## III.

Afanwi first seeks review of the BIA's November 29, 2005 Order affirming the immigration judge's denial of his (1) asylum, (2) request for withholding of removal, and (3) CAT application. Afanwi concedes, as he must, that this petition is untimely, for the INA required him to file his petition not later than 30 days after the BIA's Order, that is, not later than December 29, 2005.[13] It is undisputed that the untimeliness of Afanwi's petition with respect to the November 29 Order is attributable to his attorney's failure to check his mailbox following his transfer to another office. As a result of this oversight, Afanwi and his counsel did not learn of the November 29, 2005 Order until after the expiration of the 30-day period allowed by the INA for filing of a petition for review. Specifically, Afanwi filed this petition on February 27, 2006, some sixty days after the BIA's November 29, 2005 Order and thirty days after the statutory deadline. Afanwi's petition is accordingly untimely with regard to the BIA's November 29, 2005 Order, and it must be denied in this respect.

---

[12]It is undisputed that the corrected and amended petitions satisfy the requirements of Rule 15, Fed. R. App. P., and were timely filed.

[13]8 U.S.C. § 1252(b)(1).

IV.

Afanwi next seeks review of the BIA's February 13, 2006 Order denying Afanwi's motion to rescind and reissue the November 29 Order. We affirm the BIA's February 13 Order for two reasons.

First, Afanwi sought reissue of the November 29 Order on the ground that the BIA had used an incomplete address[14] that may have delayed delivery of the November 29 Order. There is no evidence that the incomplete address caused any delay in delivery of the Order. Afanwi has conceded that his attorney did not check his mailbox until well after the deadline for a timely petition for review had passed, and thus he cannot show that the incomplete address prevented his filing a timely petition for review; to the contrary, it is clear that had the BIA used a complete address Afanwi would still have missed the filing deadline owing to his attorney's failure to check his mail.[15]

Second, the BIA is not obligated to rescind and reissue its orders in circumstances such as these, as the decision to rescind and reissue when the BIA has committed no error is a matter of grace and discretion. Although this issue is one of first impression in this circuit, the Seventh Circuit has addressed the issue in a similar situation in *Firmansjah v. Ashcroft*.[16] There, the petitioning alien had not received the BIA's order of removal until after the deadline to file a petition for review had passed.[17] The Seventh Circuit concluded that while "nothing prevents the [BIA] from entering a new removal order, which is subject to a fresh petition for review,"[18] the court would "not say that the board *must* reenter its decision if notice miscarries; [rather,] when the [BIA] extends to aliens this measure of grace, there is no legal obstacle to judicial review."[19] We join the Seventh Circuit

---

[14]Although the BIA employed a full municipal address and named Afanwi's attorney as the recipient, the address omitted the name of the attorney's law firm.

[15]It is also worth noting that the BIA had previously used this incomplete address to correspond with Afanwi's attorney without incident.

[16]347 F.3d 625 (7th Cir. 2003).

[17]*Id.* at 626.

[18]*Id.* at 627.

[19]*Id.*

in holding that the decision to rescind and reissue an order of removal is properly left to the discretion of the BIA, and that where, as here, a petitioner fails to receive an order through no fault of the BIA, a court of appeals properly defers to the BIA's decision not to extend this measure of grace. Accordingly, Afanwi's petition for review is denied with respect to the BIA's February 13, 2006.

V.

Finally, Afanwi seeks review of the BIA's May 12, 2006 Order denying his motion to reopen his asylum, withholding of removal, and CAT application. The INA permits an alien to file a single motion to reopen removal proceedings.[20] A BIA decision denying the motion to reopen is reviewed for abuse of discretion,[21] and we will reverse such a decision only if it is arbitrary, capricious, or contrary to law.[22]

Afanwi asked the BIA to reopen his application on two grounds: (i) new evidence supporting his claim for asylum, and (ii) ineffective assistance of counsel. The BIA denied Afanwi's motion on each ground.

First, the BIA found that the new evidence did not support reopening Afanwi's application because it did not correct the application's existing deficiencies. We affirm the BIA's reasoned decision in this respect. To establish eligibility for asylum, Afanwi must demonstrate that he is a refugee, that is, a "person who is unable to return to his or her country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *Rusu v. I.N.S.*, 296 F.3d 316, 324 (4th Cir. 2002). The new evidence presented in Afanwi's motion to reopen — namely, his allegation that Cameroon police visited Afanwi's home in that country looking for him — does not create a well-founded fear of persecution, and the BIA's decision to that effect cannot be said to be arbitrary, capricious,

---

[20]8 U.S.C. § 1229a(c)(7).

[21]*I.N.S. v. Doherty*, 502 U.S. 314, 323-24 (1995).

[22]*Barry v. Gonzales*, 445 F.3d 741, 744-45 (4th Cir. 2006).

or contrary to law.[23] Accordingly, the BIA's denial of Afanwi's motion to reopen on this ground is affirmed.

Next, the BIA found that it lacked jurisdiction over Afanwi's ineffective assistance of counsel claim because the allegedly ineffective assistance, namely counsel's failure to file a timely petition for review of the Board's November 29, 2005 decision, occurred after the BIA had issued its final order of removal. The question, therefore, is whether the BIA has jurisdiction to consider an ineffective assistance of counsel claim when that claim arises, as here, from the failure to file a timely petition for review with the court of appeals. A review of the authority on this issue discloses no settled or uniform view. The courts of appeals have not squarely addressed the issue, although some, including the Fourth Circuit, have apparently assumed without deciding that the BIA does have jurisdiction over such ineffective assistance of counsel claims and have affirmed BIA decisions regarding such claims on the merits.[24] The BIA itself has issued contradictory opinions on the subject, at times holding, as it did here, that failure to file a timely petition for review is beyond the BIA's jurisdiction,[25] and at times assuming that such a claim is properly within the

---

[23]*See Barry*, 445 F.3d at 744-45.

[24]*See Gidiglio v. I.N.S.*, 35 F.3d 556 (Table) (4th Cir. 1994) (unpublished) (affirming BIA's denial of alien's motion to reopen based on attorney's failure to file timely petition for review, on ground that alien had not demonstrated prejudice as required by *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 2003)); *see also Sako v. Gonzales*, 434 F.3d 857, 862-66 (6th Cir. 2006) (same); *Ljucovic v. Gonzales*, 144 Fed. Appx. 500 (6th Cir. 2005) (same). *But see Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1044 n.4 (9th Cir. 2000) (asserting without explanation that "[a] claim of ineffective assistance of counsel occurring after the BIA has ruled may be raised with the BIA by filing a motion to reopen."). This confusion appears to arise from courts' reliance on cases involving an attorney's failure to appeal an IJ's decision to the BIA — a scenario in which the BIA clearly does enjoy jurisdiction. *See Matter of Lozada*, 19 I. & N. Dec. 637.

[25]*See In re Juan Manuel Orozco-Solis*, 2006 WL 1558842 (BIA April 11, 2006) (ineffective assistance claim based on counsel's failure to inform alien of alien's appeal rights was beyond the BIA's jurisdiction); *In re Alva Mercedes Duarte-Garcia*, 2006 WL 729793 (BIA Feb. 14, 2006) (ineffective assistance claim based on counsel's failure to file for petition for review with court of appeals was beyond the BIA's jurisdiction); *In re Robert Michael St. George Grant*, 2005 WL 3952740 (BIA Aug. 25, 2005) (same); *In re Lourdes Soriano-Vino*, 2003 WL 23508567 (BIA Dec. 23, 2003) (same).

BIA's jurisdiction.[26] Because the BIA denied Afanwi's motion to reopen on the grounds that it lacked jurisdiction over his ineffective assistance claim, the matter is squarely before us, and we take this opportunity to state clearly that the BIA does not have jurisdiction over an ineffective assistance claim arising out of an alien's counsel's failure to file a timely petition for review with the court of appeals.

The BIA has jurisdiction to review "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges."[27] An attorney's failure to monitor his mailbox for receipt of a BIA decision and to file a timely petition in the court of appeals for review of that decision is not a "question[ ] of law, discretion, [or] judgment [or] other issue[ ] in appeal[ ] from decisions of immigration judges."[28] As the BIA itself has concisely put it, "any error before the [court of appeals] by [an alien's] counsel does not implicate the Board since the Board made no error as a result of [the alien's] counsel's alleged ineffectiveness on this ground."[29] Accordingly, we affirm the Board's denial of Afanwi's motion to reopen on the grounds of ineffective assistance of counsel and dismiss Afanwi's petition for review in this regard, since the alleged ineffective assistance, if any, occurred before this court, not before the Board of Immigration Appeals.

Yet this does not end our analysis, for the Immigration and Nationality Act vests the courts of appeals with jurisdiction over "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9) (2005). This section, known as the "zipper"

---

[26]*See In re Nuradin Ahmed*, 2005 WL 1104347 (BIA Mar. 31, 2005) (counsel's filing of inadequate motion to reconsider with the BIA rather than timely petition for review with court of appeals constituted ineffective assistance); *see also In re Dean Maurice Morgan*, 2006 WL 1647462 (BIA May 9, 2006) (rejecting alien's ineffective assistance claim based on counsel's failure to inform alien of alien's appeal rights because alien had not presented the claim in an appropriate manner).

[27]8 C.F.R. § 1003.1(d)(3)(ii).

[28]*Id.*

[29]*In re Duarte-Garcia*, 2006 WL 729793.

clause, consolidates review of matters arising from removal proceedings "only in judicial review of a final order under this section," and strips courts of habeas jurisdiction over such matters. Because Afanwi's ineffective assistance claim is before the court pursuant to a timely petition for review of an order of removal — namely the BIA's denial of Afanwi's motion to reopen — jurisdiction over this claim is appropriate under § 1252(b)(9).

Afanwi's ineffective assistance claim requires us to address whether the Constitution guarantees effective assistance of counsel to an alien in removal proceedings. It is well settled that removal proceedings are civil in nature, not criminal.[30] It is equally well settled that because removal proceedings are not criminal proceedings, aliens facing removal are not entitled to the Sixth Amendment's right to counsel, nor to the associated right to effective counsel.[31] Yet, aliens facing removal are not without rights; Congress, by statute, has created a right to *retained* counsel at removal proceedings,[32] and it is quite clear that aliens enjoy a Fifth Amendment right to due process in such proceedings.[33]

---

[30]*INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984).

[31]*Romero v. U.S. INS*, 399 F.3d 109, 112 (2d Cir. 2005); *Al Khouri v. Ashcroft*, 362 F.3d 461, 464 (8th Cir. 2004); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001); *Hernandez v. Reno*, 238 F.3d 50, 55 (1st Cir. 2001); *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001); *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999); *Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017, 1022 n.6 (6th Cir. 1999); *Gandarillas-Zambrana v. Board of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995); *Castaneda-Suarez v. INS*, 993 F.2d 142, 144 (7th Cir. 1993); *Michelson v. INS*, 897 F.2d 465, 467-68 (10th Cir. 1990); *Baires v. INS*, 856 F.2d 89, 90 (9th Cir. 1988).

[32]8 U.S.C. § 1362 (1996) ("In any removal proceedings before an immigration judge and in any appeal proceedings before the Attorney General from any such removal proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose.").

[33]*Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings.").

At issue is whether Afanwi's Fifth Amendment right to due process in his removal proceedings includes the right to a remedy for ineffectiveness of retained counsel. Since the 1970s, a number of circuits have held that counsel's performance in a removal proceeding can be so deficient that it deprives the alien of his due process right to a fair hearing.[34] Interestingly, this line of cases grows out of the Fifth Circuit's decision in *Paul v. I.N.S.*, which does not squarely recognize a right to effective assistance of retained counsel but merely suggests that such a right, if it existed, would be grounded in the Fifth Amendment rather than the Sixth.[35]

According to the *Paul* line of cases, an alien's counsel will violate his client's Fifth Amendment right when his performance is so deficient that it affects the fundamental fairness of the proceeding,[36] causing the alien to suffer prejudice as a result.[37] A number of courts have

---

[34]*See Uspango v. Ashcroft*, 289 F.3d 226, 231 (3d Cir. 2002); *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001); *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999); *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999); *Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998); *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 241 (2d Cir. 1992); *Lozada v. INS*, 857 F.2d 10, 13-14 (1st Cir. 1988); *Magallanes-Damian v. INS*, 783 F.2d 931, 933 (9th Cir. 1986).

[35]*Paul v. U.S. INS*, 521 F.2d 194 (5th Cir. 1975) ("[Any effective assistance of counsel] right an alien may have [in removal proceedings] is grounded in the fifth amendment guarantee of due process rather than the sixth amendment right to counsel," but "the existence, let alone the nature and scope, of such a right has not been established.").

[36]*Goonsuwan*, 252 F.3d at 385 n.2; *Huicochea-Gomez*, 237 F.3d at 699; *Iavorski v. U.S. INS*, 232 F.3d 124, 128-29 (2d Cir. 2000); *Mejia Rodriguez*, 178 F.3d at 1146; *Michelson v. INS*, 897 F.2d 465, 468 (10th Cir. 1990); *Magallanes-Damian*, 783 F.2d at 933.

[37]*Goonsuwan*, 252 F.3d at 385 n.2; *Michelson*, 897 F.2d at 468; *see also Sako v. Gonzales*, 434 F.3d 857 (6th Cir. 2006) ("The two components of this formulation, prejudice and fundamental fairness, are analogous in this specific analytical context. "Prejudice" inquires, ex post, whether due process was violated by evaluating whether the alien's claims could have supported a different outcome. "Fundamental fairness" examines the process afforded ex ante, considering whether the denial of effective counsel makes such a proceeding fundamentally unfair.").

held that fundamental fairness is affected when an alien is prevented from reasonably presenting his case.[38]

Were we to follow these cases in holding that a retained counsel's ineffectiveness can deprive an alien of a fundamentally fair removal proceeding, we would next have to determine whether Afanwi's counsel's alleged ineffectiveness in failing to file a timely petition for review of the BIA's November 29, 2005 Order deprived Afanwi of an opportunity reasonably to present his case and whether that failure caused Afanwi prejudice. But we decline to engage in this analysis, because we hold today, contrary to some of our sister circuits, that retained counsel's ineffectiveness in a removal proceeding cannot deprive an alien of his Fifth Amendment right to a fundamentally fair hearing.

It is a basic principle of American constitutional law that with one exception,[39] the Constitution applies only to the federal government which it creates and, via the Fourteenth Amendment and certain other clauses, to the governments of the several states. The Supreme Court long ago held that the rights guaranteed by the Constitution "cannot be impaired by the wrongful acts of individuals, unsupported by state authority in the shape of laws, customs, or judicial or executive proceedings."[40] It follows that an alien's counsel cannot violate his client's

---

[38]*Dakane v. U.S. Att'y General*, 399 F.3d 1269, 1273 (11th Cir. 2003); *Denko v. INS*, 351 F.3d 717, 723-24 (6th Cir. 2003); *Uspango*, 289 F.3d 226, 231; *Bernal-Vallejo v. INS*, 195 F.3d 56, 63-64 (1st Cir. 1999); *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985).

[39]The only clause in the Constitution that directly regulates the conduct of private citizens is the Thirteenth Amendment, which "is not a mere prohibition of state laws establishing or upholding slavery, but an absolute declaration that slavery or involuntary servitude shall not exist in any part of the United States." *Civil Rights Cases*, 109 U.S. at 20; *see also City of Memphis v. Greene*, 451 U.S. 100, 120 (1981) (same).

[40]*Civil Rights Cases*, 109 U.S. 3, 17 (1883); *see also Public Utilities Commission of District of Columbia v. Pollak*, 343 U.S. 451, 461-62 (1952) (Fifth Amendment applies to and restricts "only the Federal Government and not private persons."); *Obleshchenko v. Ashcroft*, 392 F.3d 970 (8th Cir. 2004) ("Constitutional rights are rights against the government; that is, they ensure that the government will not act in a certain

Fifth Amendment rights unless he can be said to be engaging in state action.[41]

The standard for finding federal government action under the Fifth Amendment is the same as that for finding state action under the Fourteenth Amendment,[42] namely "whether there is a sufficiently close nexus between the [federal government] and the challenged action of the [private actor] so that the action of the latter may be fairly treated as that of the [federal government]."[43] This may occur, as is not true here, where a private actor exercises powers that are traditionally reserved exclusively to the government.[44] Importantly, the mere fact that a private actor performs a function that serves the public does not create a government action.[45]

---

way."). It is interesting to note that in *Obleshchenko* the Eighth Circuit stated that "[b]ecause [constitutional rights are rights against the government, and] this is necessarily as true of rights secured by the fifth amendment as it is of any other constitutional right, we find it difficult to see how an individual, such as [an alien's] attorney, who is not a state actor, can deprive anyone of due process rights." Notwithstanding this statement the panel in *Obleshchenko*, recognizing contrary authority from other circuits, assumed without deciding that the alien petitioner did have a Fifth Amendment right to effective assistance of counsel, but denied relief on the ground that the petitioner had not shown prejudice. 392 F.3d at 972-73.

[41] *See, e.g. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 542-43 (1987) (where plaintiff alleges a violation of the Fifth Amendment, "[t]he fundamental inquiry is whether the [defendant] is a governmental actor to whom the prohibitions of the Constitution apply."); *see also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (declining to recognize an implied constitutional right of action against private entities acting under color of federal law).

[42] *Gerena v. Puerto Rico Legal Services, Inc.*, 697 F.2d 447, 449 (1st Cir. 1983); *Warren v. Government Nat'l Mortgage Ass'n*, 611 F.2d 1229, 1232 (8th Cir. 1980).

[43] *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974).

[44] *Id.* at 352-53.

[45] *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982).

These principles, applied here, compel the conclusion that Afanwi has not suffered any deprivation of his Fifth Amendment rights. Simply put, Afanwi's counsel was not a state actor, nor is there a sufficient nexus between the federal government and counsel's ineffectiveness such that the latter may fairly be treated as a governmental action. To the contrary, Afanwi's counsel was privately retained pursuant to 8 U.S.C. § 1362, and his alleged ineffectiveness — namely his failure to check his mailbox regularly and to file a timely appeal — was a purely private act. The federal government was under no obligation to provide Afanwi with legal representation,[46] and there was no connection between the federal government and counsel's failure to check his mail. Thus, Afanwi's counsel's actions do not implicate the Fifth Amendment, and accordingly counsel's alleged ineffectiveness did not deprive Afanwi of due process.[47] That Afanwi was denied an opportunity to petition this court for review of the BIA's November 29, 2005 Order may be unfortunate, but it is not a constitutional violation, and it is only the latter that we may redress. Afanwi's petition for review must accordingly be dismissed with respect to his claim of ineffective assistance of counsel.[48]

## VI.

In summary, we have addressed each of the BIA Orders that are appropriately before us: the February 13, 2006 Order denying Afanwi's motion to rescind and reissue the November 29 Order, and the May 12, 2006 Order denying Afanwi's motion to reopen immigration

---

[46]*See supra* note 31; *see also* 8 U.S.C. § 1362 (1996).

[47]Of course, an alien's Fifth Amendment rights can be violated by state actors, such as the IJ or the BIA, if these actors prevent an alien from presenting his case.

[48]In *Figeroa v. U.S. INS*, 886 F.2d 76 (4th Cir. 1989), a panel of this Court assumed, without squarely addressing, the Fifth Amendment issue we resolve here. Although we are bound by the holding of *Figeroa*, *Doe v. Charleston Area Medical Center, Inc.*, 529 F.2d 638, 642 (4th Cir. 1975), we are not bound by the *Figeroa* panel's unwritten assumptions. *Brecht v. Abrahamson*, 507 U.S. 619, 630-31 (1993) (noting that *stare decisis* is not applicable unless the issue was "squarely addressed" in the prior decision); *Fernandez v. Keisler*, 502 F.3d 337, 343-44 n.2 (4th Cir. 2007) ("We are bound by holdings, not unwritten assumptions.").

proceedings. We have also addressed the merits of Afanwi's ineffective assistance of counsel claim. We have not addressed the merits of the November 29, 2005 Order affirming the IJ's denial of Afanwi's asylum claim because Afanwi's petition for review of this Order was untimely.

For the above reasons, Afanwi's petition for review with respect to the BIA's November 29, 2005 Order, the BIA's February 13, 2006 Order, the BIA's May 12, 2006 Order, and Afanwi's claim of ineffective assistance of counsel must be denied.

*PETITION FOR REVIEW DENIED*