**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-1000**

———————

GETENET GEBRE-SELASSIE,

        Petitioner,

   v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: August 28, 2008    Decided: September 11, 2008

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Marc Seguinót, SEGUINÓT & ASSOCIATES, P.C., McLean, Virginia, for Petitioner. Gregory G. Katsas, Acting Assistant Attorney General, Cindy S. Ferrier, Senior Litigation Counsel, Jamie M. Dowd, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Getenet Gebre-Selassie, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion to reopen as untimely. We have reviewed the record and the Board's order and find that the Board did not abuse its discretion in denying the motion. See 8 C.F.R. § 1003.2(a) (2008). Accordingly, we deny the petition for review for the reasons stated by the Board.* See In re: Gebre-Selassie (B.I.A. Oct. 23, 2007). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

*Because we agree that Gebre-Selassie's motion to reopen is untimely, we decline to address the Board's alternate finding that the motion would be denied on its merits. To the extent, however, that Gebre-Selassie argues that his attorney's ineffective assistance prevented him from timely filing his motion to reopen and requests equitable tolling on this ground, we note that the Board did grant him the benefit of equitable tolling. Moreover, his ineffective assistance of counsel claim is foreclosed by our recent holding in Afanwi v. Mukasey, 526 F.3d 788, 796-99 (4th Cir. 2008) (holding that there is no constitutional right under the Fifth Amendment to effective assistance of counsel in removal proceedings).