**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1532**

ISMAEL ENRIQUE JIMENEZ CHAPARRO,

             Petitioner,

       v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  January 11, 2010        Decided:  February 4, 2010

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Ivan Yacub, YACUB LAW OFFICES, Falls Church, Virginia, for Petitioner.  Tony West, Assistant Attorney General, John W. Blakeley, Carol Federighi, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ismael Enrique Jimenez Chaparro, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("Board") order denying in part Chaparro's motion for reconsideration of the Board's order affirming the immigration judge's ("IJ") order of removal.

Chaparro challenges the IJ's conclusion that he was removable pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2006), due to his 1993 Virginia conviction for a crime involving moral turpitude (sexual battery), and 8 U.S.C. § 1182(a)(6)(C)(i) (2006), due to Chaparro's fraudulent or willful misrepresentations of material fact in his 1993 visa application. Neither of these issues was raised in Chaparro's direct appeal to the Board, and only the former issue was raised in Chaparro's motion for reconsideration. Because the former claim was "based on a legal argument that could have been raised earlier in the proceedings," Matter of O-S-G-, 24 I. & N. Dec. 56, 58 (B.I.A. 2006), the Board declined to consider it on Chaparro's motion for reconsideration.

We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1) (2006). This court has interpreted this provision to operate as a jurisdictional bar in that "an alien's failure to dispute an issue on appeal to

2

the [Board] constitutes a failure to exhaust administrative remedies that bars judicial review." Massis v. Mukasey, 549 F.3d 631, 638 (4th Cir. 2008), cert. denied, ___ U.S. ___, 2009 WL 1321022 (U.S. Nov. 30, 2009) (No. 08-1392).

Because neither of these claims has been administratively exhausted, we lack jurisdiction to consider them. See Omari v. Holder, 562 F.3d 314, 319 (5th Cir. 2009) (holding that "improperly raising an issue for the first time in a motion for reconsideration does not satisfy [8 U.S.C.] § 1252(d)'s exhaustion requirement"); Massis, 549 F.3d at 638; Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004). Accordingly, we dismiss the petition for review as to these two claims for lack of jurisdiction.

Chaparro raises two additional issues in his petition for review. First, Chaparro asserts that he remains a lawful permanent resident of the United States. However, Chaparro's residency status was not an issue in dispute in the administrative proceedings.[*] Accordingly, we deny the petition for review as to this issue.

Chaparro next posits the Board should have considered the issues raised for the first time in his motion for

_____

[*] As the Attorney General correctly notes, neither the IJ nor the Board ruled that Chaparro was not a lawful permanent resident.

reconsideration, because his attorney was ineffective for not raising them in his direct appeal to the Board, and this court's opinion in Afanwi v. Mukasey, 526 F.3d 788 (4th Cir. 2008), vacated, 130 S. Ct. 350 (2009), precluded Chaparro from filing a motion to reopen based on this alleged ineffective representation.

We agree with the Attorney General that, despite our holding in Afanwi that there is no Fifth Amendment right to effective representation of counsel in removal proceedings, 526 F.3d at 798, a motion to reopen based on counsel's alleged ineffectiveness remained a viable avenue for relief at the time Chaparro filed his motion for reconsideration. The Attorney General's opinion in Matter of Compean, 24 I. & N. Dec. 710, 731-39 (A.G. Jan. 7, 2009), setting forth the mandatory legal standards and evidentiary requirements for such discretionary reopening, and revised opinion in Matter of Compean, 25 I. & N. Dec. 1 (A.G. June 3, 2009), support this conclusion.

For the foregoing reasons, we dismiss the petition for review in part and deny it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

4