**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1150**

JOSE ANGEL REYES CARBAJAL,

             Petitioner,

        v.

LORETTA E. LYNCH, Attorney General of the United States,

             Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Argued:  May 10, 2016                    Decided:  July 27, 2016

Before MOTZ, KING, and HARRIS, Circuit Judges.

Petition for review denied by unpublished per curiam opinion.

**ARGUED**:  Maris J. Liss, Silver Spring, Maryland, for Petitioner.
Tim Ramnitz, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.  **ON BRIEF**:  Patricia B. Minikon, MINIKON
LAW, LLC, Greenbelt, Maryland, for Petitioner.  Benjamin C.
Mizer, Principal Deputy Assistant Attorney General, Shelley R.
Goad, Assistant Director, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2005, petitioner Jose Angel Reyes Carbajal, a native of Honduras unlawfully present in the United States, was placed in removal proceedings and voluntarily departed the country. Two years later, he unlawfully returned, triggering the "unlawful-entry bar," which renders inadmissible aliens who attempt to reenter the country after previous immigration violations. See 8 U.S.C. § 1182(a)(9)(C)(i)(I). When the government again sought to remove him, Reyes Carbajal argued that this bar to his admissibility should be excused because his original 2005 proceeding had been rendered fundamentally unfair by the deficient performance of his counsel. Because we find that Reyes Carbajal's inadmissibility was caused by his independent decision to return to the United States unlawfully and not by any alleged defect in his counsel's performance, we deny the petition without reaching the merits of Reyes Carbajal's ineffective assistance claim.

**I.**

**A.**

Reyes Carbajal originally entered the United States in 2000, at the age of fifteen. The following year, his father filed an I-130 visa petition on his behalf. If approved, the visa would classify Reyes Carbajal as an unmarried child of a

2

lawful permanent resident, allowing him to remain in the country.

In 2004, with the I-130 visa petition still pending, the government placed Reyes Carbajal in removal proceedings. Reyes Carbajal explained that he intended to seek an adjustment of status if a visa became available, and the immigration judge granted a nine-month continuance to await action on the visa petition. In connection with the now-continued removal proceeding, Reyes Carbajal retained the services of attorney Arnulfo Chapa, agreeing to pay Chapa $2500 for his assistance.

On March 15, 2005, Chapa represented Reyes Carbajal before the immigration judge. The immigration judge denied a request for an additional continuance and found Reyes Carbajal removable. But the judge granted Reyes Carbajal voluntary departure up to July 13, 2005, and told Chapa that if the visa application were approved before departure, then Chapa could move to reopen the proceedings and seek to adjust Reyes Carbajal's status.

On May 23, 2005 — well before Reyes Carbajal's July 13, 2005, departure date — the government approved the visa petition, and mailed notice of the approval to Reyes Carbajal's father and to his attorney, Chapa. On June 9, still before the departure date, Reyes Carbajal's visa became immediately available for his use.

3

Nevertheless, Chapa did not discuss with Reyes Carbajal the approved visa petition or the possibility of reopening the removal proceedings. Instead, according to Reyes Carbajal, Chapa had told him that there was no need to reopen the proceedings, as the immigration judge had suggested; once Reyes Carbajal returned to Honduras, he simply could go to the United States embassy in that country and apply for an immigrant visa. That guidance was incorrect: Under the "10-year bar" of 8 U.S.C. § 1182(a)(9)(B)(i)(II), aliens like Reyes Carbajal may not return to the United States for 10 years after a voluntary departure. But Reyes Carbajal, on the advice of his attorney, departed the United States on July 11, 2005, without moving to reopen his proceedings to take account of the visa now available to him.

In January 2006, Chapa followed through on his advice to Reyes Carbajal, filing paperwork at the United States consulate in Honduras seeking an immigrant visa for Reyes Carbajal. The consulate denied the visa because Reyes Carbajal was inadmissible under the 10-year bar. Chapa then sought an exemption from the 10-year bar for Reyes Carbajal, filing a Form I-601 under 8 U.S.C. § 1182(a)(9)(B)(v) and seeking a waiver of inadmissibility on the basis of extreme hardship to Reyes Carbajal's father.

4

Reyes Carbajal did not wait for the consulate to act on this waiver request. Instead, in May 2007, he reentered the United States without authorization. That unlawful reentry triggered a new bar to admissibility. Under 8 U.S.C. § 1182(a)(9)(C)(i)(I)'s "unlawful-entry bar," an alien who has been unlawfully present in the United States for more than a year becomes ineligible for admissibility if he subsequently enters the country illegally. Under that provision, Reyes Carbajal became inadmissible when he returned to the United States in 2007. In 2009, his I-601 waiver request was denied.

**B.**

In 2011, the government placed Reyes Carbajal in removal proceedings for a second time. With new counsel representing him, Reyes Carbajal conceded that he was removable but announced that he would pursue adjustment of status based on the visa approved in 2005. The government argued that regardless of the visa, Reyes Carbajal was ineligible for admission under both the 10-year bar and the unlawful-entry bar.

It is at that point in the proceedings that Reyes Carbajal raised the ineffective assistance claim at issue here, relying on Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988), in which the Board of Immigration Appeals ("BIA" or "Board") set out the circumstances under which ineffective assistance of counsel may be grounds for reopening or reconsideration in removal

5

proceedings. According to Reyes Carbajal, his inadmissibility under the 10-year and unlawful-entry bars should be excused because Chapa, his former attorney, rendered ineffective assistance in connection with his 2005 removal proceedings. Specifically, Reyes Carbajal alleged, Chapa failed to move to reopen his proceedings when his visa became available, as suggested by the immigration judge, and instead advised him — incorrectly — that he could apply for an immigration visa in Honduras after voluntarily departing the United States. As a result, Reyes Carbajal contended, he left the country even after a visa had become available to him, triggering the 10-year bar, and then reentered unlawfully, bringing to bear the unlawful-entry bar, as well.

On January 7, 2013, the immigration judge issued a decision denying Reyes Carbajal's application for adjustment of status and ordering him removed to Honduras. Reyes Carbajal was rendered inadmissible and thus ineligible for adjustment of status, the immigration judge found, under both the 10-year and unlawful-entry bars. And the immigration judge rejected Reyes Carbajal's ineffective assistance of counsel claim, calling into question whether Reyes Carbajal had satisfied Lozada's standards for making out such a claim and holding that in any event, it was Reyes Carbajal's independent decision to unlawfully return to the United States in 2007 and not any action by prior counsel

6

that triggered the unlawful-entry bar and rendered Reyes Carbajal inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I).

On appeal, the Board dismissed Reyes Carbajal's appeal and adopted and affirmed the immigration judge's decision. Like the immigration judge, the Board found that Reyes Carbajal's unlawful presence and unlawful reentry rendered him inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i)(II) (the 10-year bar) and (C)(i)(I) (the unlawful-entry bar). Regarding ineffective assistance of counsel, the Board concluded that Reyes Carbajal could not make the requisite showing of ineffective assistance under Lozada.

Reyes Carbajal timely petitioned this court for review. We have jurisdiction under 8 U.S.C. § 1252.

## II.

### A.

"Where, as here, the BIA has adopted and supplemented the IJ's decision, we review both rulings." Jian Tao Lin v. Holder, 611 F.3d 228, 235 (4th Cir. 2010). The agency's determination that an alien is inadmissible is "conclusive unless manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(C). We review legal questions de novo, and an immigration judge's findings of fact for substantial evidence. See Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011).

7

**B.**

Before this court as before the immigration judge and Board, Reyes Carbajal argues that Chapa's ineffective assistance in connection with his 2005 removal proceedings should excuse his inadmissibility under 8 U.S.C. § 1182(a)(9)(B)(i)(II) and (C)(i)(I). According to Reyes Carbajal, the immigration judge and BIA misapplied Lozada to his case, erroneously finding that he had not met Lozada's requirements for showing ineffective assistance of counsel. And because Chapa's performance was indeed deficient under Lozada, Reyes Carbajal argues, he should be permitted to apply now for adjustment of status as though he never departed in 2005, triggering the 10-year bar, and thus never unlawfully reentered in 2007, triggering the unlawful-entry bar.

The Attorney General's principal argument in response is that because Reyes Carbajal is solely responsible for his inadmissibility under the unlawful-entry bar, that bar cannot be excused regardless of any alleged ineffective assistance of counsel. As the Attorney General emphasizes, Reyes Carbajal alone decided to return to the United States in 2007, independent of counsel's advice — and, indeed, at a time when counsel had filed a request with the United States consulate in Honduras to waive his inadmissibility. It was Reyes Carbajal's own election to disregard that pending request and reenter the

8

United States unlawfully that triggered his inadmissibility under 8 U.S.C. § 1182(a)(9)(C)(i)(I). And it follows, the Attorney General contends, that Reyes Carbajal remains inadmissible under that unlawful-entry bar, whether or not counsel's alleged ineffectiveness might have caused him to depart voluntarily in 2005 and become inadmissible under the separate 10-year bar.

We agree with the Attorney General. We may put to one side whether Chapa's performance in connection with the 2005 removal proceedings constituted ineffective assistance of counsel under Lozada, causing Reyes Carbajal's voluntary departure and resulting inadmissibility under 8 U.S.C. § 1182(a)(9)(B)(i)(II)'s 10-year bar. Whatever the alleged deficiencies in Chapa's 2005 performance, it was Reyes Carbajal's decision — and his alone — to reenter the United States unlawfully in 2007, and it was that decision — and that decision alone — that triggered 8 U.S.C. § 1182(a)(9)(C)(i)(I)'s unlawful-entry bar. Nothing that happened in 2005, and nothing that Chapa said or did, caused Reyes Carbajal in 2007 to disregard the waiver application then pending at the consulate and the lawful procedure for reentering the United States. Because 8 U.S.C. § 1182(a)(9)(C)(i)(I) is an independent bar to admissibility, and because its application to Reyes Carbajal is

9

unrelated to any ineffective assistance he may have received, Reyes Carbajal is not entitled to the relief he seeks.

In light of that determination — the same one reached by the immigration judge and adopted by the BIA — we need not reach the merits of Reyes Carbajal's ineffective assistance claim under <u>Lozada</u>.[*]  Reyes Carbajal is inadmissible for reasons independent of any ineffective assistance he may have received from counsel, and that is enough to dispose of this case.

PETITION FOR REVIEW DENIED

---

[*] Nor need we revisit whether, apart from the administrative remedy for ineffective assistance of counsel recognized in <u>Lozada</u>, the Fifth Amendment's Due Process Clause provides an independent basis for ineffective assistance of counsel claims in removal proceedings. <u>See</u> <u>Afanwi v. Mukasey</u>, 526 F.3d 788, 797–99 (4th Cir. 2008) (recognizing that "a number of circuits have held that counsel's performance in a removal proceeding can be so deficient that it deprives the alien of his due process right to a fair hearing," but holding that retained counsel's ineffectiveness in a removal proceeding does not give rise to a constitutional claim), <u>vacated on other grounds</u>, 130 S. Ct. 350 (2009).