Per Curiam Opinion; Dissent by Judge MCKEOWN.
OPINION
PER CURIAM:
Rajinder Singh appeals from the district court’s order denying his petition for habe-as corpus, filed pursuant to 28 U.S.C. § 2241. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.
In order to seek habeas relief under section 2241, as Singh does, a petitioner must first, “as a prudential matter,” exhaust his or her available administrative remedies. See Castro-Cortez v. INS, 239 *1103 F.3d 1037, 1047 (9th Cir.2001), overruledon other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). In denying Singh’s habeas petition, the district court ruled that Singh failed to satisfy this prudential exhaustion requirement because he did not first raise his ineffective assistance of counsel claim before the Board of Immigration Appeals (Board). Singh argues that he should not be required to raise his claim first with the Board because the Board lacks jurisdiction to review such claims where, as here, the alleged ineffective assistance occurred after a final order of removal has been entered.
I.
While this case was pending before us, former Attorney General Mukasey decided In re Compean (Compean I), 24 I & N Dec. 710 (BIA 2009). In that decision, Attorney General Mukasey concluded, inter alia, that the Board has “jurisdiction to consider deficient performance claims even where they are predicated on lawyer conduct that occurred after a final order of removal has been entered.” Id. at 740. Subsequently, Attorney General Holder vacated Compean I in its entirety. In re Compean (Compean II), 25 I & N Dec. 1, 3 (A.G.2009). However, Attorney General Holder agreed that the Board’s “discretion to reopen removal proceedings includes the power to consider claims of ineffective assistance of counsel based on conduct of counsel that occurred after a final order of removal had been entered.” Id.
The Attorney General’s interpretation of the Board’s jurisdictional statute, 8 C.F.R. § 1003.2 (2008), is reasonable, and we therefore defer to it. See Barapind v. Reno, 225 F.3d 1100, 1113-14 (9th Cir. 2000) (holding that we review an agency’s interpretation of the regulations governing its jurisdiction for reasonableness). Under this authoritative interpretation, the Board had jurisdiction to hear Singh’s ineffective assistance claim, and Singh’s petition would fail for failure to exhaust this administrative remedy. However, Compean II was decided after Singh filed his habeas petition.
In light of Compean II, we remanded this case to the Board. In our limited remand order, we stated:
The case is remanded to the Board of Immigration Appeals for the limited purpose of ruling upon whether the Board had jurisdiction to hear Singh’s ineffective assistance of counsel claims and what effect, if any, the Attorney General’s recent opinion in In re Compe-an, 25 I & N Dec. 1, 3 (BIA 2009), has on this case. The Board shall advise this court of any action or decision.
Singh v. Napolitano, 577 F.3d 988, 988-89 (9th Cir.2009).
The Board has now replied to our limited remand order. In its response, the Board points out that throughout the course of Singh’s proceedings the regulations provided that the Board may reopen “any case in which it has rendered a decision.” The Board states that it had jurisdiction to hear Singh’s ineffective assistance of counsel claim “if one had been advanced in a motion.” The Board recognizes, at the same time, that during the relevant period it “had not resolved in a published decision whether its discretion to reopen proceedings included the power to consider claims of ineffective assistance of counsel based on conduct of counsel after an administratively final order had been entered and the Board had issued different decisions on this issue.” The Board states that, as a factual matter, it “did regularly reissue decisions where a lack of notice of the Board’s original decision resulted either from administrative error at the Board or from ineffective assistance of counsel.” Thus, the Board concludes, it cannot “state definitively how a motion *1104 raising such a claim would have been adjudicated years ago in this case.... ” Finally, the Board states that the Compean II case “had no meaningful effect on this case because there has never been a motion pending before the Board in these proceedings.”
II.
Therefore, we must determine whether we may properly apply Compean II to Singh’s petition at the present time. In Landgraf v. USI Film Products, 511 U.S. 244, 263-80, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court offered guidance to courts faced with the prospect of applying new law to pending cases. In that case, the Court sought to resolve the “apparent tension” between its prior admonition to apply the law in effect at the time of decision, with the equally long-standing presumption against the retroactive application of newly enacted laws and regulations. Id. at 263, 114 S.Ct. 1483, citing Bradley v. School Bd. of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). In that regard, the Court clarified that a new law should not apply to cases heard prior to its enactment if the law has “genuinely ‘retroactive’ effect.” Landgraf, 511 U.S. at 277,114 S.Ct. 1483. That is, a new law will not apply if “it would impair rights a party possessed when he acted, increase a party’s liability for past conduct, or impose new duties with respect to transactions already completed.” Id. at 280, 114 S.Ct. 1483.
None of these “genuinely retroactive” conditions exist in this appeal. First, application of Compean II to this case would not “impair rights [Singh] possessed when he acted” because no such rights are at stake here. Singh’s right to bring a habeas petition is conditioned upon our prudential administrative exhaustion doctrine, which is now at issue. Second, there is no concern that applying Compean II now would “increase [Singh’s] liability for past conduct.” Landgraf, 511 U.S. at 280, 114 S.Ct. 1483. Third, we must consider whether retroactive application of Compe-an II would “impose[on Singh] new duties with respect to transactions already completed.” Landgraf, 511 U.S. at 280, 114 S.Ct. 1483. This final criteria draws on “[ejlementary considerations of fairness dictating] that individuals should have an opportunity to know what the law is and to conform their conduct accordingly.” Id. at 265, 114 S.Ct. 1483. Thus, “familiar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance” in evaluating whether Compean II would improperly impose “new duties” on Singh. Id. at 270, 114 S.Ct. 1483.
Prior to Compean II, the Board ruled inconsistently on the issue of its jurisdiction to review deficient performance claims concerning post-final order attorney conduct. See Afanwi v. Mukasey, 526 F.3d 788, 795 nn. 25-26 (4th Cir.2008) (citing contradictory Board decisions), vacated — U.S. -, 130 S.Ct. 350, 175 L.Ed.2d 4 (2009). In Afanwi, 526 F.3d at 795-96, the Fourth Circuit held that the Board does not have such jurisdiction. Whatever the merits of the Fourth Circuit’s position, however, we have twice stated, in unequivocal language, that the Board does have jurisdiction to hear claims such as Singh’s. See Lata v. INS, 204 F.3d 1241, 1245-46 (9th Cir.2000) (“[T]he Board has laid out a comprehensive procedure that a petitioner should follow to support [an ineffective assistance] claim”); Dearinger ex rel. Volkova v. Reno, 232 F.3d 1042, 1044 n. 4 (9th Cir.2000) (“A claim of ineffective assistance of counsel occurring after the Board has ruled may be raised with the Board by filing a motion to reopen”).
In both instances, our language may have been inessential dicta. See Lata, 204 *1105 F.3d at 1245 — 46; Dearinger, 232 F.3d at 1044 n. 4. Nevertheless, our meaning was clear, and we have not contradicted it. Other circuits have since adopted the same position. See Zhao v. INS, 452 F.3d 154, 157-60 (2d Cir.2006); Sako v. Gonzales, 434 F.3d 857, 862-66 (6th Cir.2006); Firmansjah v. Ashcroft, 347 F.3d 625, 627 (7th Cir.2003).
Our decisions, along with those of other circuits, provided Singh fair notice and the ability to anticipate that the Board may have jurisdiction over his claim. Thus, we hold that Compean II, which affirmed our language in Lata and Dearinger, does not create “new duties” for Singh with respect to his habeas petition.
For these reasons, we conclude that applying Compean II to this case would not have genuinely retroactive effect. The prudential exhaustion doctrine is well established, and was neither new nor unanticipated. While an authoritative declaration that the Board has jurisdiction to hear ineffective assistance of counsel claims may be new, it simply confirmed our prior statements on the subject. We therefore apply Compean and conclude that Singh did not exhaust his available administrative remedies because he did not first file a motion to reopen with the Board before bringing his habeas petition in district court.
At oral argument, Singh presented a new argument. He argued that failure to exhaust should be excused, because he had already been removed from the country, and a post-departure motion to reopen a removal hearing is futile. Singh did not raise this futility argument before the district court. “Generally, an issue raised for the first time on appeal is deemed waived.” Wildwest Inst v. Bull, 547 F.3d 1162, 1172 (9th Cir.2008). We deem the argument waived.
AFFIRMED.