**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE MORENO-SANDOVAL, | No. 09-73868 |
| Petitioner, | Agency No. A079-808-572 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Jorge Moreno-Sandoval, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen based on ineffective assistance of counsel. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen, and review de novo claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Moreno-Sandoval's motion to reopen on the ground that he did not establish prejudice from his former counsel's failure to challenge his removability. *See id.* at 793-94 (prejudice results when counsel's performance "was so inadequate that it may have affected the outcome of the proceedings") (citation omitted). We agree with the BIA that counsel's actions did not prejudice Moreno-Sandoval because he was correctly found removable as an alien convicted of an aggravated felony. *See* 8 U.S.C. §§ 1101(a)(43)(T), 1227(a)(2)(iii).

We lack jurisdiction to review Moreno-Sandoval's claim that he received ineffective assistance of counsel in his prior proceedings before this court. *See Singh v. Napolitano*, No. 07-16988, 2011 WL 1485263, at *1-3 (9th Cir. Apr. 18, 2011) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**