**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERMIN REYES-MEDINA; et al., | No. 07-73158 |
| Petitioners, | Agency Nos. A076-844-295 |
| | A076-844-296 |
| v. | A076-844-297 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012 [**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Fermin Reyes-Medina and his family, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and de

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo purely legal questions. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We grant the petition for review and remand.

The BIA abused its discretion in finding that equitable tolling of the ninety-day deadline to file the motion to reopen was not warranted for lack of diligence, where petitioners acted with due diligence in discovering that former counsel failed to file an opening brief in this court. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 825-26 (9th Cir. 2011); *Iturribarria*, 321 F.3d at 897 (equitable tolling is available where petitioner acts with due diligence in discovering deception, fraud, or error preventing timely filing).

With respect to petitioners' claim of ineffective assistance of counsel based on conduct that occurred after the entry of a final order of removal, the BIA did not have the benefit of our intervening decision in *Singh v. Napolitano*, 649 F.3d 899, 900-01 (9th Cir. 2011) when it concluded it lacked jurisdiction. Accordingly, we grant the petition and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**