

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJINDER PAL SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-70871<br><br>BIA No. A071 789 054<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2015
San Francisco, California[**]

Before: CLIFTON and NGUYEN, Circuit Judges, and RAKOFF, Senior District Judge.[***]

Petitioner Rajinder Pal Singh is a native of India and petitions for review of

an order of the Board of Immigration Appeals (BIA) denying his motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

reconsider a decision of the BIA that was responsive to a limited remand order of this Court in another case involving Petitioner, *Singh v. Napolitano*, 619 F.3d 1101 (9th Cir. 2010), *amended by* 649 F.3d 899 (9th Cir. 2011). Because this petition does not derive from a final order of removal, we dismiss for lack of jurisdiction. 8 U.S.C. § 1252; *Alcala v. Holder*, 563 F.3d 1009, 1013–16 (9th Cir. 2009).

In 1993, an Immigration Judge ordered Petitioner excluded and deported from the United States. The BIA agreed with the Immigration Judge and dismissed Petitioner's appeal in 1999. Petitioner never filed any other motion with the BIA and did not appeal the BIA's 1999 decision. Petitioner did not leave the United States and was apprehended in 2007, at which time he filed a petition for writ of habeas corpus alleging ineffective assistance of counsel because of the alleged failure of his former counsel to inform him of his right to appeal the BIA's 1999 decision or otherwise preserve his right to judicial review. *See Singh v. Chertoff*, No. C-07-3943 MMC, 2007 WL 3010620, at *1 (N.D. Cal. Oct. 12, 2007). The district court denied the petition, holding that Petitioner had failed to exhaust all administrative remedies prior to filing the writ. *Id.* at *2–3.

On appeal of that decision to this Court, Petitioner argued that he should not have been required to raise his ineffective assistance of counsel claim first with the BIA, because the BIA did not have jurisdiction to hear claims where the alleged

ineffective assistance of counsel occurred after a final order of removal. *Singh v. Napolitano*, 649 F.3d at 900. The Court remanded the case to the BIA "for the limited purpose of ruling upon whether the Board had jurisdiction to hear Singh's ineffective assistance of counsel claims and what effect, if any, the Attorney General's recent opinion in *In re Compean*, 25 I & N Dec. 1, 3 (A.G. 2009), has on this case." *Singh v. Napolitano*, 577 F.3d 988, 988–99 (9th Cir. 2009). The BIA responded to the Court's remand order on April 30, 2010, stating that, while any response is necessarily hypothetical since the Petitioner never filed a motion to reopen his case, it would have had jurisdiction. It could not state definitively how it would have ruled on Petitioner's motion, had he filed one, though it noted that it "did regularly reissue decisions where a lack of notice of the Board's original decision resulted either from administrative error at the Board or from ineffective assistance of counsel." *Id.* The Court considered the BIA's response in its decision affirming the district court. *Singh v. Napolitano*, 649 F.3d at 901–03.

Petitioner's current appeal stems from the BIA's 2010 response—not from its 1999 decision on his order of removal. Before the Court issued its decision in *Singh v. Napolitano*, 649 F.3d 899, Petitioner moved for the BIA to reconsider its 2010 response to the remand order. The BIA denied the motion on February 24, 2011, and this appeal followed.

3

This is a court of limited jurisdiction, which may only review decisions of the BIA under conditions specified by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The statute governing petitions for review of BIA decisions limits the Court's jurisdiction to "final order[s] of removal." 8 U.S.C. § 1252(a)(1). As this petition does not derive from a final order of removal, but from an advisory decision of the BIA that was responsive to a limited remand order of this Court, the Court does not have jurisdiction. *See Alcala*, 563 F.3d at 1013–16.

Accordingly, the PETITION FOR REVIEW IS DISMISSED.