**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL GUITRON-BARAJAS,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.  14-73190<br><br>Agency No. A093-069-166<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Rafael Guitron-Barajas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings and to reissue its previous decision dismissing his appeal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen and a motion to reissue. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We review de novo constitutional claims. *Id.* We deny the petition for review.

The BIA did not abuse its discretion in denying Guitron-Barajas' motion to reopen based on alleged ineffective assistance before the agency for failure to establish prejudice. *See Iturribarria v. INS*, 321 F.3d 889, 899-900 (to establish ineffective assistance of counsel, a petitioner must show prejudice).

The BIA did not abuse its discretion in declining to reissue its May 31, 2013, order, where Guitron-Barajas does not dispute that he had an opportunity to file a timely petition for review before this court. *See Singh v. Napolitano*, 649 F.3d 899, 901 (9th Cir. 2011) (the BIA has reissued decisions where an alien has shown lack of notice due to administrative error or ineffective assistance of counsel). Contrary to Guitron-Barajas' contention, the BIA also did not abuse its discretion in declining to consider his counsel's alleged ineffective assistance before this court. *See In re Compean (Compean II)*, 25 I. & N. Dec. 1, 3 (A.G. 2009).

Contrary to Guitron-Barajas' contentions, the BIA sufficiently articulated its reasoning, did not ignore contentions, and applied the proper legal standard. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

14-73190

Accordingly, the BIA did not violate due process in denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must demonstrate error and prejudice to prevail on a due process challenge).

In light of our disposition, we do not reach Guitron-Barajas' remaining contentions regarding diligence and attorney error before the agency.

**PETITION FOR REVIEW DENIED.**