NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 08 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES J. WANG, an individual,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SONY PICTURES ENTERTAINMENT, INC., A Delaware Corporation; et al.,<br><br>Defendants-Appellees. | No.   16-55664<br><br>D.C. No.<br>2:14-cv-08883-BRO-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted December 6, 2017
Pasadena, California

Before:  KELLY,[**] CALLAHAN, and BEA, Circuit Judges.

Plaintiff-Appellant James Wang applied for a software engineering job at

Defendant-Appellee Sony Pictures Imageworks, Inc., and alleges that, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

of California's Fair Employment and Housing Act (FEHA) and the Americans with Disabilities Act (ADA), he was denied an interview because he is deaf. The district court granted summary judgment for Defendants because Mr. Wang failed to show that he was qualified for the position and, alternatively, failed to show that Sony's reason for not interviewing him was pretextual. The district court further held that there was no basis for Mr. Wang's punitive damages claim. Exercising jurisdiction under 28 U.S.C. § 1291 and reviewing the grant of summary judgment de novo, we affirm.

Under both FEHA and the ADA, a plaintiff's prima facie case includes showing that he or she is qualified for the job. *See Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (FEHA); *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) (ADA). It was undisputed at summary judgment that the Sony position required a minimum of three years' practical work experience with Java. And in his deposition, Mr. Wang testified to having little work experience with Java and also testified that he would have needed on-the-job training in it. He tried to mitigate the effect of this testimony with a declaration that he had the requisite Java experience, but the district court excluded the declaration on the grounds that it was uncorroborated, self-serving, and contradictory to his deposition testimony. In his opening brief on appeal, Mr.

2

Wang did not challenge the district court's exclusion of his declaration and therefore waived the argument that the exclusion was error. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Even if he had challenged it, "exclusion of evidence at summary judgment is reviewed for abuse of discretion." *U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 934 (9th Cir. 2002). Given that courts may exclude "testimony that flatly contradicts earlier testimony in an attempt to 'create' an issue of fact and avoid summary judgment," *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991), the exclusion was not an abuse of discretion.

Even with his declaration, no reasonable jury could have found that Mr. Wang had the qualifications necessary to establish a prima facie case of disability discrimination. Mr. Wang's declaration stated that he had spent six years working with programs that *required skill* in Java, but he stated in his deposition that he *used* Java only "a little bit" (about three to five percent of his time) during those six years. This does not create a genuine dispute as to whether he had the requisite three years' practical work experience in Java. Accordingly, the district court correctly determined that Defendants were entitled to summary judgment.

For the first time on appeal, Mr. Wang argues that Java was not a true job qualification. This is directly contrary to his position at summary judgment, where

3

he did not dispute that a minimum of three years' experience in Java was a job requirement. Issues raised for the first time on appeal are generally deemed waived. *Singh v. Napolitano*, 649 F.3d 899, 903 (9th Cir. 2011). The closest Mr. Wang came to making this argument was when he asked, "[I]f Java experience were so crucial . . . then why would Sony schedule an interview with a candidate like Simone Wu[,] who had none?" However, this question arose in the context of arguing that Sony's reason for not interviewing Mr. Wang was pretextual, not that Java was a specious requirement. Furthermore, Sony's offer to interview a candidate who did not have Java experience on her resume does not mean that Java was not a true requirement. Sony stated that it would interview Simone Wu "to check her skills a little deeper," not that it would hire her regardless of her Java experience. Because this issue was not disputed nor argued before the district court, we decline to consider it on appeal.

The district court correctly granted summary judgment for Defendants on the ground that Mr. Wang failed to establish a prima facie case of discrimination. Consequently, we need not consider the district court's alternative holdings regarding whether Mr. Wang failed to show pretext or whether Mr. Wang can recover punitive damages.

**AFFIRMED.**