**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BYRON FRANCISCO RODRIGUEZ-VASQUEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    16-72815 <br><br> Agency No. A206-500-136 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Byron Francisco Rodriguez-Vasquez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider, and his motion to reopen removal proceedings and reissue its previous decision dismissing his appeal. Our jurisdiction is governed by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law, and we review for abuse of discretion the denial of a motion to reconsider, and a motion to reopen and reissue. *See Ayala v. Sessions*, 855 F.3d 1012, 1020 (9th Cir. 2017); *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rodriguez-Vasquez's motion to reconsider as untimely, where he filed it more than 30 days after the final order of removal. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2).

The BIA did not abuse its discretion in denying Rodriguez-Vasquez's motion to reopen and reissue its January 8, 2016, order, where Rodriguez-Vasquez acknowledged in his declaration that he received the notice "a few days" after the BIA issued it, and he does not allege ineffective assistance of counsel. *See Singh v. Napolitano*, 649 F.3d 899, 901 (9th Cir. 2011) (the BIA has reissued decisions where an alien has shown lack of notice due to administrative error or ineffective assistance of counsel). The BIA did not ignore evidence or argument in reaching this determination. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We lack jurisdiction to review Rodriguez-Vasquez's challenges to the BIA's discretionary decision not to reconsider proceedings sua sponte, absent a claim of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte*

reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error."). Rodriguez-Vasquez presents no such claim where, contrary to his contentions, the BIA applied the correct standard, did not fail to consider evidence or argument, and sufficiently articulated its reasoning. *See Najmabadi*, 597 F.3d at 990. Accordingly, Rodriguez-Vasquez's contention that the BIA violated due process also fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**