**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ALARCON-CUEVAS, | No. 15-70108 |
| Petitioner, | |
| v. | Agency No. A087-958-928 |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Oscar Alarcon-Cuevas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings and reissue its previous decision reinstating his voluntary

departure period. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen and reissue. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying as untimely Alarcon-Cuevas's motion to reopen based on ineffective assistance of counsel, where he filed it 18 months after his final order of removal, and he failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See* 8 C.F.R. § 1003.2(c)(2); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) (listing requirements for equitable tolling on account of ineffective assistance of counsel); *Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (failure to satisfy *Matter of Lozada* requirements was fatal to ineffective assistance of counsel claim where ineffectiveness was not plain on the face of the record).

Alarcon-Cuevas has not shown that the BIA abused its discretion in declining to reissue its December 12, 2012, order, where the sole basis for his reissuance request was to reinstate his voluntary departure period, and he does not challenge the BIA's determination that it lacked authority to do so. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver); *cf. Singh v. Napolitano*, 649 F.3d 899, 901 (9th Cir. 2011) (the BIA has reissued decisions where an alien has shown lack of notice of the decision).

15-70108

In light of this disposition, we do not reach Alarcon-Cuevas's remaining contentions regarding ineffective assistance of counsel.

**PETITION FOR REVIEW DENIED.**