**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES SANTIAGO-MATEO, | No.  16-71159 |
| Petitioner, | Agency No. A206-695-877 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Andres Santiago-Mateo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing Santiago-

Mateo's appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The BIA did not err in finding that Santiago-Mateo did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting Matter of M-E-V-G-, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009). Substantial evidence supports the BIA's determination that Santiago-Mateo did not otherwise establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Santiago-Mateo's asylum and withholding of removal claims fail.

16-71159

Substantial evidence also supports the agency's denial of CAT relief because Santiago-Mateo failed to show that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not reach Santiago-Mateo's contentions as to ineffective assistance of counsel. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order) (finding that to the extent petitioners contended they received ineffective assistance of counsel, the court lacked jurisdiction to review unexhausted claims that could have been corrected by the BIA); *see also Singh v. Napolitano*, 649 F.3d 899, 900, 902-03 (9th Cir. 2011) (per curiam) (concluding that petitioner's claim of ineffective assistance of counsel, based on his prior attorney's conduct after the final order of removal was entered, was unexhausted because petitioner failed to first file a motion to reopen with the BIA).

We reject Santiago-Mateo's contention that the immigration court lacked jurisdiction over his case. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in immigration court).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**